UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT<br>210 MOUNT BETHEL ROAD<br>CLEVELAND, TENNESSEE 37323<br><br>Defendant. | Case No. 1:11-CV-_____<br><br>JUDGE |

## VERIFIED COMPLAINT *IN REM*

The plaintiff, United States of America, by and through its attorneys, William C. Killian, United States Attorney for the Eastern District of Tennessee, and Anne-Marie Svolto, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. The United States of America seeks forfeiture of the Defendant Property pursuant to 21 U.S.C. § 881(a)(7).

# THE DEFENDANT IN REM

2. The Defendant Property, with all appurtenances, improvements, and attachments thereon, is located in the Eastern District of Tennessee and described as follows:

**210 Mount Bethel Road, Cleveland, Tennessee 37323.**

BEGINNING at an iron pin located in the south line of Mount Bethel Road at its intersection with the west line of Mount Bethel Church of Christ; thence southwest 19° 36' west 138.00 feet to an iron pin; thence south 53° 55' east 236.00 feet to a concrete monument; thence south 18° 47' west 300.83 feet to an iron pin; thence north 68° 33' west 340.01 feet to a point; thence north 15° 58' east 487.31 feet to an iron pin located in the south line of Mount Bethel Road; thence south 76° 36' east 56.08 feet to a point; thence south 72° 01' or east 84.41 feet to the point of BEGINNING. Being Lot 2 containing 3.15 acres, as shown in the survey of Southeast Tennessee Land Surveying dated May 7, 2007, Job #2K7-5 by Charles P. Lawson as the Final Plat Lots 2 and 3, Bowman's Subdivision, and attached hereto for reference.

BEING part of the real estate conveyed to Mark C. Bowman by Samuel B. Sharplin and wife, lnge Sharplin, by deed dated March 16, 1999, and duly of record in Book 18, pages 426-427, Register's Office, Bradley County, Tennessee.

(hereinafter "Defendant Property").

3. The Defendant Property has not been seized but it is within the jurisdiction of the Court pursuant to 18 U.S.C. § 981(b). The United States does not request authority from the Court to seize the Defendant Property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

    a.    post notice of this action and a copy of the Complaint on the Defendant Property, and

    b.    serve notice of this action on the record owner of the Defendant Property, and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Complaint, and

    c.    execute a writ of entry for purposes of conducting an inspection and inventory of the property, and

    d.    file a notice of *lis pendens* in the county records of the Defendant Property status as a defendant in this *in rem* action.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b)(1)(A). Upon the filing of this complaint, the plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i). The plaintiff will then execute the warrant upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395, because the property subject to forfeiture is located in this district.

## BASIS FOR FORFEITURE

7. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), which authorizes forfeiture of all real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of an

offense in violation of Title 21, United States Code, Subchapter I, which is punishable by more than one year's imprisonment.

8. The United States alleges that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), because the Defendant Property was utilized as a location to facilitate the negotiation and commission of multiple illegal drug transactions, in violation 21 U.S.C. §§ 841 and 846.

## FACTS

9. As set forth in detail in the Affidavit of Drug Enforcement Agency Task Force Officer, Sammie McNelley, attached hereto as Exhibit A, the Government's investigation has determined that the defendant property was used to facilitate the commission of drug-related violations of 21 U.S.C. §§ 841 and 846. The owner of the defendant property, Mark Bowman has manufactured marijuana at 210 Mount Bethel Road, Cleveland, Tennessee for numerous years.

10. The defendant property is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(7), as real property used to facilitate the commission of an illegal drug transaction, in violation of 21 U.S.C. §§ 841 and 846.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that the Clerk issue a Warrant for Arrest *In Rem* for the Defendant Property and that the Defendant Property be condemned and forfeited to the United States of America in accordance with the provisions of law; that notice of

this action be given to all persons known or thought to have an interest in or right against the Defendant Property; and that the plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

                                  WILLIAM C. KILLIAN
                                  United States Attorney

By: _____
        Anne-Marie Svolto
        Assistant United States Attorney
        1100 Market Street, Ste. 301
        Chattanooga, Tennessee 37402
        423.752.5140

# VERIFICATION

I, Sammie McNelley, Task Force Officer with the Drug Enforcement Administration, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this ___9___ day of September, 2011.

_____
Sammie McNelley
Task Force Officer
Drug Enforcement Administration